IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUSTEN ALLEN DISON | § | |
| v. | § | CIVIL ACTION NO. 6:07cv44 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Justen Allen Dison, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Dison pleaded guilty to and was convicted of two aggravated sexual assaults, for which he received a 12-year sentence and a 20-year sentence, running consecutively.  In his federal habeas petition, Dison asserted that his plea was unlawfully induced, his confession was coerced, the prosecutor withheld favorable evidence, and he received ineffective assistance of counsel.

The Magistrate Judge ordered the Respondent to answer, and an answer was filed.  Dison did not file a response to the answer.  On May 29, 2007, the Magistrate Judge issued a Report recommending that the petition be dismissed.  The Magistrate Judge observed that certain aspects of Dison's claims were procedurally barred and that all of his claims lacked merit.  Dison filed objections to the Magistrate Judge's Report on June 7, 2007.

In his objections, Dison concedes that he lacks evidence to prove that his guilty plea was involuntary or that his confession was coerced.  He asks the Court to review "medical records

and findings in the discovery packet," which he says will show that it is impossible for him to have penetrated the sexual organs of the victims because these organs are "sexually intact."[1]

Dison also says that the prosecutor and his defense counsel contacted Dison's mother and grandmother, and apparently told them that "it was best that they not testify" on Dison's behalf. Dison also says that counsel failed to contact his ex-wife. Dison indicates that all of these persons could testify that "the alleging party of the crime" contacted Dison's grandmother and said that Dison was innocent.

It is not clear that these allegations are properly before the District Court, as they are raised for the first time in Dison's objections to the Magistrate Judge's Report. *See* Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001) (issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court). Nor does it appear that these allegations, concerning the medical evidence showing the lack of penetration and the failure to contact Dison's mother, grandmother, and ex-wife, were presented to the state court, and consequently these claims are procedurally defaulted. Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

Even were these contentions ripe for consideration, Dison has failed to show that they have merit. The "discovery packet" is not in evidence before this Court, and in any event Dison appears to be raising a claim of actual innocence, which is not cognizable in federal habeas corpus. Herrera v. Collins, 113 S.Ct. 853, 860 (1993), *citing* Townsend v. Sain, 372 U.S. 293, 317 (1963). Furthermore, Dison has failed to show that these records, which he says are part of a "discovery packet," were withheld from him. His claim on this point is without merit.

Nor has Dison shown that he received ineffective assistance of counsel in that counsel would not call his mother, grandmother, or ex-wife. In habeas claims involving counsel's failure to

---

[1] The fact that the hymen is intact does not rule out the possibility of sexual abuse. *See, e.g.* Barnes v. State, 165 S.W.3d 75, 80 (Tex.App.-Austin 2005, reh. den.) (where sexual abuse victim's hymen was intact, expert testimony showed that "the physical exam did not rule out the possibility of sexual abuse, but did not confirm it").

call witnesses, the Fifth Circuit has held that to prevail, the petitioner must show that the witness' testimony would have been favorable and that the witness would have testified at trial. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Petitions raising this claim are required to show prejudice arising from the failure to call the witnesses, and the Fifth Circuit noted that such claims are not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and speculations as to what these witnesses would have testified is too uncertain. Alexander, 775 F.2d at 602; see Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978) and United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied* 467 U.S. 1251 (1984). Dison has failed to make such a showing. Nor has he shown that but for counsel's alleged dereliction, he would not have pleaded guilty, but would have insisted on going to trial. *See* Joseph v. Butler, 838 F.2d 786, 791 (5th Cir. 1988). His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the state court records, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such review, the Court has determined that the Magistrate Judge's Report is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 9th day of July, 2007.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**